# IN THE COURT OF APPEALS OF IOWA

No. 14-1750
Filed December 24, 2014

**IN THE INTEREST OF Q.M.,**
**Minor Child,**

**Q.M., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

　　A father appeals from the order terminating their parental rights. **AFFIRMED.**

　　Marti Sleister, Omaha, Nebraska, for appellant mother.

　　Roberta Megel, Council Bluffs, for appellant father.

　　Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, Matthew Wilber, County Attorney, and Dawn Landon, Assistant County Attorney, for appellee State.

　　Sara E. Benson, Council Bluffs, for minor child.

　　Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

The father appeals from the order terminating his parental rights to his child, Q.T.M.[1] The juvenile court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(b), (d), (e), and (i) (2013). On appeal, the father contends the State failed to prove the statutory grounds for termination by clear and convincing evidence. After reviewing the record, we find the father has failed to maintain meaningful contact with Q.T.M., as defined by section 232.116(1)(e), and we affirm the order terminating his parental rights.

**I. Background Facts and Proceedings.**

Q.T.M. was born in May 2007. By the time of the termination hearing in September 2014, he had been removed from his parents' care five times. Although the father called and wrote letters to Q.T.M. weekly during the pendency of the case, the father testified he had not seen Q.T.M. since he moved to Indiana in September 2012. The father moved after he was charged with domestic violence against the mother. A warrant for his arrest was issued in October 2012 and was still active at the time of the termination hearing. Because of the warrant, the father refused to return to Iowa during the pendency of the case—participating in the various hearings through telephone calls rather than in person. The Iowa Department of Human Services (DHS) recommended that the father participate in anger management and a batterer's education program. A substance abuse evaluation recommended the father attend outpatient classes

---

[1] The mother filed a separate, timely notice of appeal on October 22, 2014. However, the mother failed to file a petition on appeal within fifteen days, pursuant to Iowa Rule of Appellate Procedure 6.201(2). As a result, our supreme court issued an order on November 26, 2014, dismissing the mother's appeal.

and attend one-on-one sessions with a therapist. The father claimed to be attending various programs and classes throughout the case, but he failed to sign the provided releases or provide verifiable information to DHS regarding his participation. Additionally, DHS's Interstate Compact on the Placement of Children (ICPC) placement request was denied after a home study of the Indiana residence where the father was residing.[2]

## II. Standard of Review.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Discussion.

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for

---

[2] The Indiana Department of Child Services' denial letter stated, "Due to [the father's] lack of independent housing and lack of employment/financial resources to provide for the needs of his son we are not recommending placement of the child . . . with his father . . . at this time."

termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(e) provides that termination may be ordered when the child has been adjudicated a child in need of assistance, has been removed from the physical custody of the parent for a period of at least six consecutive months, and there is clear and convincing evidence the parent has not maintained significant and meaningful contact with the child during the previous six months and has made no reasonable efforts to resume care of the child.

The father maintains that the State failed to prove by clear and convincing evidence that he did not maintain "significant and meaningful contact" with Q.T.M. Specifically, he contends, as the DHS caseworker corroborated, he was in touch with his son weekly during the pendency of the case.

Iowa Code section 232.116(1)(e)(3) defines significant and meaningful contact as:

> [I]nclud[ing] but not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Other than testimony that he gave Q.T.M. a five dollar bill for his birthday, there is no evidence the father has supported his son financially since he moved to Indiana. Although the father claimed to be attending classes and therapy for substance abuse and batterer's education, he failed to sign releases and offer verifiable information to establish he was in fact doing so. Additionally, the father had an active warrant for his arrest in Iowa that needed to be taken care of and the ICPC home study was denied. The father has remained in contact by telephone and in writing with Q.T.M. during the pendency of the case, but we cannot say he has made a genuine effort to complete the responsibilities prescribed in the case permanency plan. There was also no genuine effort to personally visit with Q.T.M. where the excuse is clearly premised upon avoidance of an arrest warrant.

We find there is clear and convincing evidence the grounds for termination, pursuant to section 232.116(1)(e), have been met. There is no evidence that it would be in the child's best interest within the meaning of section 232.116(2) to maintain a parent-child relationship with the father. Indeed, the father does not identify any reason why it would be in Q.T.M.'s best interest to defer termination of the father's parental rights. Finally, the father does not contend any of the exceptions or factors against termination apply in this case. Upon our de novo review, we conclude no exception or factor in section 232.116(3) applies to make termination unnecessary. We affirm the district court's order terminating the father's parental rights.

**AFFIRMED.**